**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JIMMY JONES,
<u>Plaintiff-Appellant,</u>

v.

No. 98-1133

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY,
<u>Defendant-Appellee.</u>

JIMMY JONES,
<u>Plaintiff-Appellee,</u>

v.

No. 98-1223

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-95-361-5-1-H)

Argued: March 2, 1999

Decided: May 3, 1999

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William D. McNaull, Jr., Charlotte, North Carolina, for Appellant. John Lester Sarratt, KILPATRICK STOCKTON, L.L.P., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Karen F. Gray, KILPATRICK STOCKTON, L.L.P., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmy Jones brought breach of contract and state law deceptive practices claims against his former employer, Colonial Life & Accident Insurance Company (Colonial Life). The district court dismissed the deceptive practices claim before trial. At trial, on the question of damages, the court excluded Jones's testimony regarding future lost earnings. A jury found for Jones on the breach of contract claim, but awarded no damages. Jones now appeals. Colonial Life cross-appeals the finding that it breached the contract. We affirm.

I.

Jimmy Jones began selling insurance for Colonial Life in 1962. Eventually, Jones entered into a formal Market Director Agreement (the Agreement) with Colonial Life. Among other things, the Agreement required Jones to recruit, train, and motivate new independent agents to sell Colonial Life insurance. As compensation, Jones received a commission on all premiums received on policies sold by the agents under him and a commission on each of these policies that was renewed. The Agreement provided that if Jones was terminated, he would no longer receive sales commissions. Nevertheless, Jones was entitled to the renewal commissions for the remainder of his life

2

or 20 years, whichever was longer, provided he did not compete with Colonial Life in the future.

On January 2, 1995, Colonial Life terminated Jones on the grounds that his job performance was inadequate. Jones then sued, alleging that Colonial Life (1) breached the Agreement and (2) engaged in unfair or deceptive acts or practices in violation of North Carolina General Statutes § 75-1.1. He contended that his sudden difficulty in recruiting and motivating insurance agents was due to two actions taken by Colonial Life. First, the company began to pay to Statewide Benefits, Inc., a third-party broker, a 13 1/2 percent share of commissions on policies sold to state government agencies. Second, Colonial Life assigned all of the school teacher accounts in North Carolina to another Market Director. Jones also contended that these actions caused a substantial reduction in his potential future income.

Colonial Life moved to dismiss the deceptive practices claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court granted this motion. At trial on the remaining breach of contract claim, Jones testified about his past income under the Agreement. However, the court prevented him from testifying about his future expectations with regard to his renewal commissions. Ultimately, a jury found that Colonial Life breached the Agreement, but awarded no damages. Jones moved for a new trial on the question of damages, and the court denied that motion.

Jones now appeals, contending that the district court improperly dismissed his deceptive practices claim. He further asserts that the court improperly excluded his testimony regarding future renewal commissions and erred by denying his motion for a new trial.* Colonial Life cross-appeals, contending that the jury's verdict finding a breach of contract was not supported by the evidence.

_____

*We dismissed an initial appeal by Jones because the district court had not yet entered a final order. See 28 U.S.C. § 1291. The district court has since disposed of the outstanding issues in the case, and Jones now appeals from a final order.

II.

We affirm the district court's dismissal of Jones's deceptive practices claim.

North Carolina General Statutes § 75-1.1 outlaws unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. However, it does not apply to an "ordinary breach of contract," even if that breach was intentional. United Roasters, Inc. v. Colgate-Palmolive Co., 649 F.2d 985, 992 (4th Cir. 1981). Section 75-1.1 only covers actions that are "actually deceptive or approach deception." Id. We have also concluded that for this statute to apply, the deception must have taken place at the time the contract was made. Id.

Jones contends that Colonial Life violated § 75-1.1 when it (1) began paying a portion of sales commissions to Statewide Benefits for policies sold to state government agencies and (2) transferred the accounts of teachers in North Carolina to another Market Director. These claims, however, involve allegations of ordinary breach of contract on the part of Colonial Life. Furthermore, these actions by Colonial Life occurred after the formation of the Agreement; Jones does not allege any deception at the time the contract was made. Therefore, § 75-1.1 does not apply to Colonial Life's conduct. Even if all facts are construed in Jones's favor, the deceptive practices claim fails to state a claim upon which relief may be granted.

III.

We conclude that the district court did not abuse its discretion in excluding testimony by Jones regarding his predictions of future renewal commissions.

On direct examination Jones testified about his past earnings under the Agreement and about the components of that income. He also estimated, based on his past experience, the rate at which policy renewals decline over time. However, the court sustained Colonial Life's objection when Jones was asked about "his personal expectation or perception of his renewals in the future, given the present state of the situation. In other words, with his not being with the company."

4

Federal Rule of Evidence 701 requires that lay opinion testimony be "rationally based on the perception of the witness." In other words, the testimony must be based on the firsthand knowledge of the witness, including "relevant historical or narrative facts that the witness has perceived." MCI Telecommunications Corp. v. Wanzer, 897 F.2d 703, 706 (4th Cir. 1990) (quoting Teen-Ed, Inc. v. Kimball International, Inc., 620 F.2d 399, 403 (3d Cir. 1980)). The district court properly allowed Jones to testify on matters within his firsthand knowledge -- his past income and past experience with renewals. However, Jones's predictions regarding future renewals would have been entirely speculative and outside his firsthand knowledge.

Jones contends that MCI Telecommunications supports the admissibility of his testimony. In that case, this court ruled that the opinion testimony of a non-party bookkeeper (who was not designated as an expert) was admissible. MCI Telecommunications, 897 F.2d at 706. The testimony involved her calculations of her company's profits during the three years prior to trial. We based our decision on the bookkeeper's firsthand knowledge of the company's underlying financial records and the fact that her calculations were based on these records. Id. Here, however, Jones's testimony would have involved predictions of future events, not estimates of amounts that had already accrued before trial. As a result, it would have been more speculative than the evidence in MCI Telecommunications. Therefore, we cannot say that the district court abused its discretion in excluding this evidence.

IV.

The district court did not abuse its discretion by denying Jones's motion for a new trial on the question of damages. The fact that the jury found a breach of the Agreement but awarded no damages is unremarkable. See, e.g., City of Richmond v. Madison Mgmt. Group, Inc., 918 F.2d 438, 456-58 (4th Cir. 1990). The jury may simply have concluded that although Colonial Life breached the Agreement, there was insufficient evidence of damages. Alternatively, there was ample evidence for a reasonable jury to find that Jones failed to mitigate his damages. He continued to earn renewal commissions after he was terminated (he received more than $150,000 in 1995). He admitted that he did no work at all in 1995, nor did he seek any other employment.

5

He also rejected the position of Sales Director that Colonial Life offered him.

The jury's decision to award no damages was therefore supported by the evidence. Accordingly, the district court's denial of Jones's motion for a new trial on the question of damages was not an abuse of discretion.

V.

Colonial Life cross-appeals, contending that the evidence was insufficient to support the jury's finding that the company breached the Agreement. We disagree.

The Agreement gave Colonial Life the right to terminate Jones for "just cause." Colonial Life contends that Jones was terminated because he failed to fulfill his contractual duty to recruit, train, and motivate sales representatives. Although his performance numbers were decreasing, Jones offered evidence that his decline in performance was due to Colonial Life's agreement with Statewide Benefits. Several rebuttal witnesses confirmed this story. This evidence was sufficient for a reasonable jury to conclude that Colonial Life breached the Agreement.

VI.

For the reasons stated above, the judgment of the district court is

AFFIRMED.

6